[No. 1193, February 25th, 1908.]

## THE TERRITORY OF NEW MEXICO, Appellant, v. C. C. LOTSPEICH, Appellee.

### SYLLABUS (BY THE COURT).

1. Under the medicine practice act of 1903, (Laws of 1903 C. 40), practice of medicine consists, either (a) in opening an office for such practice or (b) in announcing to the public in some other way, a general desire, willingness or readiness to treat the sick or afflicted or investigate or diagnose the ailments of such, or (c) to suggest, recommend, prescribe or direct for the use of any specified person, any drug, medicine, appliance or other agency for the cure of mind or body, after having received or with intent to receive therefor any bonus, gift or compensation.

2. Under the first two subdivisions of the statute the actual treatment of any person need not be alleged or proved, nor is the receipt of compensation an element.

3. Under the third subdivision it is necessary to allege and prove treatment, or prescription for some specified person and for pay.

4. Under the third sub division, it is not necessary that the compensation for the treatment come from the party treated. It is sufficient should it be received or the services be rendered with intent to receive it from a third party.

The facts are stated in the opinion.

Appeal from the District Court for Bernalillo County, before IRA A. ABBOTT, Associate Justice.    Reversed and remanded.

JAMES M. HERVEY, Attorney General, and FRANK W. CLANCY, District Attorney, for Appellant.

The only proper object of legislation for the regulation of the practice of medicine, is the protection of the public. Dent v. West Virginia, 129 U. S. 414; Territory v. Newman, 79 Pac. 813.

The receipt of compensation from the person treated is not an element in alleging or proving violation of the Medical Law. Laws of 1903, page 63.

KLOCK & OWEN, for Appellee.

Section 6, chapter 40, Laws of 1903, by fair intend-ment requires proof that the practitioner administered the remedy with the intent of receiving therefor either directly or indirectly some bonus, gift or compensation and which was to be paid by the person so treated. Territory v. Newman, 79 Pac. N. M. 706, 13 N. Mex. 98; State of North Carolina v. Biggs, 133 N. C. 729, 46 S. E. 401; People, etc., v. Behr, 196 Ill. 361, 63 N. E. 725.

## OPINION OF THE COURT.

POPE, J.—Lotspeich was prosecuted in the court be-low for unlawfully practicing medicine. A demurrer was sustained to the amended information and the Territory appeals. Some doubt may exist as to whether the right of the Territory to appeal on quashed indictments includes informations but no question being raised by appellee on this point we proceed to consider the appeal on its merits. The information held insufficient, omitting the caption and supporting affidavit, is as follows:

"Now comes Frank W. Clancy, District Attorney, who prosecutes in this court on behalf of said Territory of New Mexico, and by way of amended information, gives the court to be informed and understand that C. F. Lotspeich, whose full first name is to the District Attorney unknown, on the thirty-first day of August, 1906, at the county afore-said, did unlawfully practice medicine and did unlawfully attempt to practice medicine at the county aforesaid, with-out first complying with the provisions of an act of the Legislative Assembly of the Territory of New Mexico, entitled 'An Act to regulate the practice of medicine in New Mexico,' which became a law on the 12th day of March 1903, and without being the holder of a certificate entit-ling him to practice medicine in the said Territory of New Mexico, and in so practicing medicine and attempting to practice medicine, the said C. F. Lotspeich did then and there unlawfully open an office for such purpose, and announce to the public a desire and willingness and readi-ness to treat the sick and afflicted and to investigate and diagnose the physical ailment and disease known as tuber-culosis and consumption, and to suggest, recommend, pre-

scribe and direct for the use of persons, certain drugs, medicines and appliances for the cure, relief and palliation of said ailment and disease, with the intent of receiving compensation thereof, from the maker and owner of a certain drug, medicine, and ointment called 'Pulmoline', of whom the said C. F. Lotspeich was then and there an agent and employee and whose name, upon information and belief, is alleged to be Pulmoline Company, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the Territory of New Mexico."

Was the court below right in holding that this information when measured by the Act of 1903, states no offense? That act (Laws of 1903, C. 40, p. 61-65) subjects to punishment any person who shall practice or attempt to practice medicine without first complying with its provisions and without being the holder of a certificate from the Territorial Board of Health entitling him to practice. There is no contention that the information fails to state a lack of this certificate, but the point here urged and sustained by the court below, is, that the information fails to allege facts showing that Lotspeich was engaged in the practice of medicine within the meaning of the Act. We are relieved from a discussion of what the words, "practice of medicine" mean, by the fact that they are very fully defined in the statute. Section 6 of that Act is as follows:

"For the purposes of this act the words 'practice of medicine' shall mean to open an office for such purpose or to announce to the public or to any individual in any way, a desire or willingness or readiness to treat the sick or afflicted, or investigate or diagnose, or offer to investigate or diagnose, any physical or medical ailment or disease of any person, or to suggest, recommend, prescribe or direct, for the use of any person, any drug, medicine, appliance or other agency, whether material or not material, for the cure, relief or palliation of any ailment or disease of the mind or body, or for the cure or relief of any wound, fracture or bodily injury or deformity, after having received, or with the intent of receiving therefor, either directly or indirectly any bonus, gift or compensation.

Territory v. Lotspeich.

"*Provided*, that nothing in this act shall be construed to prohibit gratuitous services in cases of emergency, or the domestic administration of family remedies, or women from practicing midwifery, and this act shall not apply to surgeons of the United States in the discharge of their official duties."

We are of opinion that under this Act, to constitute practice of medicine, it is only necessary to do some one of the three following things; either, *first,* to open an office for the practice of medicine, or, *second,* to announce to the public or to any individual in any way a desire or willingness or readiness to treat the sick or afflicted or investigate or diagnose, or offer to investigate or diagnose any physical or medical ailment or disease of any person, or, *third,* to suggest, recommend, prescribe or direct for the use of any person, any drug, medicine, appliance or other agency, whether material or not material, for the cure, relief or palliation of any ailment or disease of the mind or body or for the cure or relief of any wound, fracture or bodily injury or deformity, after having received or with the intent of receiving therefor, either directly or indirectly, any bonus, gift or compensation. This subdivision of the statute was made by the trial court in Territory v. Newman, 79 Pac. 706, 13 N. M. 98, and was held, by this court on that appeal to be a "proper and appropriate one."

Under the first two subdivisions the gravamen of the act is the public announcement of a general readiness and willingnesss to treat the sick, in the first sub-division, the announcement being made by the act of opening an office, in the second by advertisement or other public statement. Under neither of them is any actual treatment of a patient necessary and therefore the question of compensation is immaterial to a prosecution thereunder. The third subdivision deals with the actual treatment of or prescription for the sick and provides that such attention, even to only one person and even without previous opening of an office or advertisement or announcement, shall constitute the practice of medicine, provided it be for pay, either present or prospective. Un-

der this last clause we are of opinion that it is immaterial from whom the compensation was received or from whom it was intended that it should be received. By the terms of this act, an unlicensed person has no more right to treat patients upon a general undertaking from another, as for instance, the city or some philanthropic person, that all such persons will be paid for by such city or philanthropist, than he has to treat such person upon the latter's personal payment or undertaking to pay. It must however, be compensation for services rendered the patient, not for services rendered the third party paying for the same and to which the treatment of the person is purely an incident.

Upon the argument in this court and apparently in the court below, the sufficiency of the information under the third subdivision was the principal matter of controversy and the particular criticism was that the information failed to allege payment or expectation of payment from the party treated. We concur with the Court below in holding the information, as to the third sub-division of the statute, insufficient, not, however, for the reasons urged (for as we have seen, it is immaterial from whom the compensation comes) but because there is no allegation of the treatment of any specified person, nor any person at all, which, as we have seen, is a necessary element under this branch of the statute. We are of opinion, however, that the information is sufficient under the first two sub-divisions in that it alleges both the opening of an office for the practice of medicine and an announcement to the public of a desire, willingness and readiness to treat the sick.

We hold, therefore, that the trial court erred in holding the information generally insufficient and in discharging the defendant thereon and the cause is accordingly reversed and remanded for further proceedings not inconsistent with this opinion.